U.S. DISTRICT COURT
WESTERN DISTRICT ARKANSAS
FILED
FEB 0 1 2010
CHRIS R. JOHNSON, CLERK
BY
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

LEMUEL ROBERT HALL                    PLAINTIFF

v.           Civil No. 10- 4015

UNITED STATES DISTRICT JUDGE
HARRY F. BARNES; UNITED STATES
MAGISTRATE JUDGE BARRY BRYANT;
and ASSISTANT UNITED STATES
ATTORNEY WENDY L. JOHNSON                DEFENDANTS

### REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE

Plaintiff, Lemuel Robert Hall (hereinafter Hall), has filed a civil rights action pursuant to the provisions of 42 U.S.C. § 1983. He has also submitted an application to proceed *in forma pauperis* (IFP). The case is before the undersigned for preservice screening under the provisions of the *in forma pauperis* statute. On review, the court is to dismiss the complaint, or any portion of the complaint, that is frivolous, malicious, or fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

### BACKGROUND

According to the allegations of the complaint, the defendants have illegally held Hall in custody without an arrest warrant in violation of the United States Constitution. Hall also alleges that the defendants have all violated their oath of office with criminal intent. He asserts he was never notified of any grand jury hearing of allowed to attend. He maintains the defendants have committed criminal offenses.

With respect to Judge Barnes, Hall asserts he ordered Hall to serve a term of incarceration in federal prison without Hall ever having been arrested. With respect to Magistrate Bryant, Hall

alleges he acted as counsel for the government in case number 09-4095 and arraigned Hall twice without an arrest warrant. Finally, with respect to Assistant United States Attorney Johnson, Hall alleges she made phone calls threatening defense witnesses. As relief, Hall seeks correction of the violations and monetary damages in the amount of two hundred and fifty million dollars.

A search of the court's Case Management and Electronic Case Filing (CM/ECF) database reveals Hall was the defendant in *United States v. Hall*, Cr. No. 08-40004-01. A two count indictment was filed on January 9, 2008. The case was assigned to Judge Barnes and Judge Bryant arraigned Hall. The United States was represented by Johnson. Hall was represented by court appointed counsel; First by Craig Henry and then by John F. Stroud, III. A five count superceding indictment was filed on June 25, 2008. A plea agreement was entered into and various counts dismissed. Hall was sentenced on January 12, 2010, to a term of three years of unsupervised probation. Hall filed a notice of appeal that same day.

On August 27, 2009, Hall filed a petition for writ of habeas corpus under 28 U.S.C. § 2241. The case was assigned to Judge Barnes and referred to Magistrate Bryant. On October 8, 2009, Magistrate Bryant entered a report and recommendation. Magistrate Bryant recommended that the writ be denied and the case dismissed. The report and recommendation was adopted by Judge Barnes on January 8, 2010. Hall filed a notice of appeal on January 13th.

## DISCUSSION

We preliminarily note that §1983 provides no right of action against federal officials. A § 1983 complaint must allege that each defendant, acting under color of state law, deprived plaintiff of "rights, privileges or immunities secured by the Constitution and laws" of the United States. 42 U.S.C. § 1983. *DuBose v. Kelly*, 187 F.3d 999 (8th Cir. 1999). Federal officials do not act under

color of state law. *See e.g., Parker v. Boyer*, 93 F.3d 445, 448 (8th Cir. 1996)(§ 1983 redresses only injuries caused by exercise of some right or privilege created by state, by rule of conduct imposed by state, or by person for whom state is responsible); *Gibson v. United States*, 781 F.2d 1334, 1343 (9th Cir.1986) ("Federal officers acting under federal authority are immune from suit under section 1983").

Rather, a claim that a federal official has violated an individual's constitutional rights is considered a *Bivens* claim. *See Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388, 91 S. Ct. 1999, 29 L. Ed. 2d 619 (1971). The Supreme Court held in *Bivens* that when "a federal agent acting under color of his authority" violates the Constitution, the agent's victim may recover damages against the agent. *Bivens*, 91 S. Ct. at 2001.

We will therefore construe Hall's claims against the defendants to be under *Bivens*. The claims are nevertheless subject to dismissal.

First, Judge Barnes and Magistrate Bryant are immune from suit. It is clear the acts Hall complains of were acts taken in connection with either the criminal case or the writ of habeas corpus case. Both cases were assigned to Judge Barnes and aspects of the cases were handled by Magistrate Bryant.

"Judges are entitled to absolute judicial immunity from damages for those acts taken while they are acting in their judicial capacity unless they acted in the 'clear absence of all jurisdiction.'" *Bolin v. Story*, 225 F.3d 1234, 1239 (11th Cir. 2000)(*quoting Stump v. Sparkman*, 435 U.S. 349, 356-57, 98 S. Ct. 1099, 55 L. Ed. 2d 331 (1978)); *Ryan v. Bilby*, 764 F.2d 1325, 1328 (9th Cir. 1985)(judicial officers absolutely immune from *Bivens*-type claim). "This immunity applies even

when the judge's acts are in error, malicious, or were in excess of his or her jurisdiction." *Bolin*, 225 F.3d at 1239 (*citing Stump*, 435 U.S. at 356, 98 S. Ct. 1099).

This immunity has been held to bar *Bivens* actions for declaratory or injunctive relief. *Bolin v. Story*, 225 F.3d 1234, 1240-42 (11th Cir. 2000); *Mullis v. United States Bankruptcy Court for the Dist. of Nevada*, 828 F.2d 1385 (9th Cir. 1987). Moreover, to be entitled to equitable relief, "plaintiff must show that he has an inadequate remedy at law and a serious risk of irreparable harm." *Mullis v. U.S. Bankruptcy Court for Dist. of Nevada*, 828 F.2d 1385, 1392 (9th Cir. 1987)(citations omitted). Equitable relief is not appropriate where an adequate remedy at law exists. *Pulliam v. Allen*, 466 U.S. 522, 542 & n. 22, 104 S. Ct. 1970, 1981 & n. 22, 80 L. Ed. 2d 565 (1984). *See also Sterling v. Calvin*, 874 F.2d 571, 572 (8th Cir. 1989). An adequate remedy at law exists when the acts of the judicial officer can be reviewed on appeal or by extraordinary writ. *Mullis*, 828 F.2d at 1392 (citation omitted). *See also Switzer v. Coan*, 261 F.3d 985, 991 (10th Cir. 2001)(adequate remedy at law existed where requested relief could be obtained through "standard legal means [such] as post-judgment motion, appeal, mandamus, prohibition, and/or certiorari review of prior proceedings); *Bolin v. Story*, 225 F.3d 1234, 1243 n. 7 (11th Cir. 2000)(Noting that in the absence of judicial immunity the defendant judges would be entitled to dismissal because an adequate remedy at law existed through appellate review or an extraordinary writ). Clearly Hall has an adequate remedy. Each case is currently on appeal with the Court of Appeals for the Eighth Circuit.

Second, the claims against Wendy Johnson are subject to dismissal. As the Assistant United States Attorney prosecuting Hall, Johnson is absolutely immune from liability for her conduct intimately associated with the judicial phase of the criminal process. *See Imbler v. Pachtman*, 424 U.S., 409, 96 S. Ct. 984, 47 L. Ed. 2d 128 (1976)(§ 1983 case); *Brawer v. Horowitz*, F.2d 830, 834 (3d Cir.

1976)(public policy mandates that a similar immunity be extended in *Bivens* type suits). All conduct identified by Hall occurred while Johnson represented the United States in presenting the criminal case to the court. Thus, her conduct was intimately associated with the judicial phase of the criminal process and she is clearly immune from suit.

Furthermore, a claim against Johnson in her official capacity is a suit against the United States. *See e.g., Kentucky v. Graham*, 473 U.S. 159, 166, 105 S. Ct. 3099, 87 L. Ed. 2d 114 (1985). A claim cannot be brought against the United States unless the United States waives its sovereign immunity and consents to be sued. The United States has not waived its sovereign immunity in *Bivens* actions. *See e.g., Coleman v. Espy*, 986 F.2d 1184, 1189 (8th Cir. 1993); *Pleasant v. Lovell*, 876 F.2d 787, 793 (10th Cir. 1989); *Williamson v. United States*, 815 F.2d 368, 380 (5th Cir. 1987); *Arnsberg v. United States*, 757 F.2d 971, 980 (9th Cir. 1985).

## CONCLUSION

I therefore recommend that the *in forma pauperis* application be denied and this case dismissed as the claims are asserted against individuals who are immune from suit. *See* 28 U.S.C. § 1915(e)(2)(B)(IFP action, or any portion thereof, may be dismissed on such grounds at any time).

**Hall has fourteen (14) days from receipt of the report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. Hall is reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this **27** day of January 2010.

/s/ *J. Marschewski*
HON. JAMES R. MARSCHEWSKI
CHIEF UNITED STATES MAGISTRATE JUDGE